UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JONATHAN ODOM,

                                    **DECISION**
                         Plaintiff,        **and**
          v.                              **ORDER**

THOMAS DIXION, DON LOPES,          **04-CV-889F**
C. JABCUGA, C. PETTIES, and         **(consent)**
SGT. MARKOWSKI,

                         Defendants.

_____

APPEARANCES:          JONATHAN ODOM, *Pro Se*
                      92-T-0387
                      Auburn Correctional Facility
                      Box 618
                      Auburn, New York 13024

                      ANDREW M. CUOMO
                      Attorney General, State of New York
                      Attorney for Defendants
                      KIM S. MURPHY
                      Assistant Attorney General, of Counsel
                      107 Delaware Avenue
                      Fourth Floor
                      Buffalo, New York  14202

          Plaintiff, proceeding *pro se*, commenced this civil rights action on November 5,

2004.  On October 24, 2005, the parties to this action consented to proceed before the

undersigned.  The matter is presently before the court on Defendants' motion to dismiss

for failure to prosecute (Doc. No. 96) ("Defendants' motion"), filed June 26, 2008.

Defendants' motion is supported by the Declarations of Assistant Attorney General Kim

S. Murphy (Doc. No. 97) ("Murphy Declaration"), and Harold Graham (Doc. No. 98)

("Graham Declaration").  An order filed July 8, 2008 established July 24, 2008 as the

deadline for Plaintiff to file a response to Defendants' motion.  To date, no response has

been filed.

Defendants essentially seek to dismiss the action pursuant to Fed. R. Civ. P. 37 and 41(b). Defendants' Motion at 1. Rule 37, however, provides for dismissal of an action to sanction a party for failing to comply with court-ordered discovery. Although Defendants recount numerous actions by Plaintiff pertaining to the recent adjournment of trial on the instant action, characterizing such events as an effort by Plaintiff "to manipulate the prison officials, the Attorney General's Office and this Court," and causing "the unnecessary delay of this trial," as establishing Plaintiff's failure to prosecute, *see* Murphy Declaration ¶¶ 6, 10-13, *see also* Graham Declaration ¶¶ 4-11 (describing Plaintiff, while incarcerated at Auburn Correctional Facility, as "a very difficult and contentious inmate" who has a history of disciplinary charges, as well as a history of fabricating charges against correctional officials, including that correctional officials had poisoned Plaintiff's food and denied Plaintiff packages from family members), none of these events pertains to Plaintiff's compliance with court-ordered discovery. As such, Defendants' motion, insofar as it seeks dismissal for failure to prosecute as a Rule 37 sanction, is DENIED.

Defendants also seeks dismissal of the action pursuant to Rule 41(b). Defendants' motion at 1. Rule 41(b) permits a court, upon motion of a defendant, to dismiss any action that a plaintiff fails to prosecute diligently.[1] In deciding a motion to dismiss under Rule 41(b), "[i]t is well established that the District Court has power to

---

[1]Fed. R. Civ. P. 41(b) states

Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

dismiss an action for failure to prosecute [pursuant to Fed. R. Civ. P. 41(b) ] and that such a dismissal will be reviewed only for abuse of discretion." *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir.1994).  However, "dismissal is a 'harsh remedy to be utilized only in extreme situations." ' *Romandette v. Weetabix Company, Inc.*, 807 F.2d 309, 312 (2d Cir.1986).  Additionally, courts should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996).

    In deciding such a motion, the Second Circuit considers (1) the duration of the plaintiff's failures; (2) whether the plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and; (5) whether the judge has adequately assessed the efficacy of lesser sanctions.  *Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir.1994).  In general, no particular factor is dispositive.  *Nita*, 16 F.3d at 485; *Stoenescu v. Jablonsky*, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).  In this case, consideration of these factors requires Defendants' motion be denied because Plaintiff had not been adequately warned that any intentional delay could result in the dismissal of his case.

    In particular, the record in the instant case fails to establish that Plaintiff received adequate notice that such delay could result in dismissal.  A *pro se* litigant must be specifically advised that further failure to participate may result in dismissal before such dismissal is imposed pursuant to Fed. R. Civ. P. 41(b).  *Lucas*, 84 F.3d at 535.  Here,

the record fails to establish that Plaintiff was ever explicitly warned that the failure to cooperate with prison officials and staging hunger strikes could result in the dismissal of his action.  Given the specificity required to place a *pro se* Plaintiff on notice that further delay will result in dismissal, *id*. at 535, this factor weighs in favor of Plaintiff.

Where a plaintiff causes unreasonable delay in the prosecution of an action, prejudice to the defendants may be presumed.  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Coss v. Sullivan Co. Jail Administrator*, 171 F.R.D. 68, 71 (S.D.N.Y. 1997).  In cases where delay is moderate or excusable, the need to show actual prejudice is proportionally greater.  *Lyell Theatre Corp.*, 682 F.2d at 43.  In this case, even assuming, *arguendo*, that Plaintiff's actions that resulted in the adjournment of his trial from June 16, 2008 to September 15, 2008, were deliberate and unreasonable and intended to "manipulate the prison officials, the Attorney General's Office and this Court," Murphy Declaration ¶ 10, the moderate three-month delay requires Defendants to establish actual prejudice, which Defendants have not done.

Moreover, Defendants' own description of Plaintiff's actions prior to the recent postponement of trial are more consistent with a finding that Plaintiff has actively prosecuted this action.  *See*, *e.g.*, Murphy Declaration ¶¶ 8 (observing "plaintiff not only responded to defendants' motion for summary judgment, but also successfully defeated the remaining claims against defendants Petties and Markowski which are to proceed for trial"), and 9 (observing that Plaintiff timely filed pre-trial submissions, including a 30-page pretrial statement consisting of proposed voir dire, a verdict form and jury instructions, and participated by telephone in numerous court conferences, such that "all plaintiff's litigation efforts to date suggest he is ready for trial at this stage.")

4

Balancing the need to maintain an efficient court calendar against Plaintiff's right to due process, the court finds that although Plaintiff may have deliberately caused the three-month delay in his trial, Plaintiff was not sufficiently warned that creating such a delay could result in dismissal.  Moreover, Defendants have failed to demonstrate the requisite prejudice to support such relief.  Therefore, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) is DENIED.

Nevertheless, **PLAINTIFF IS WARNED THAT FURTHER UNEXCUSED DELAY OF THIS MATTER WILL NOT BE TOLERATED, AND ANY FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER, INCLUDING COOPERATING WITH PRISON OFFICIALS TO ENSURE THAT TRIAL IS HELD, AS SCHEDULED, ON SEPTEMBER 15, 2008, WILL RESULT IN DISMISSAL OF THIS MATTER.**

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:       July 30, 2008
             Buffalo, New York