UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| JONATHAN ODOM, | | **DECISION** |
| | Plaintiff, | **and** |
| | | **ORDER** |
| vs. | | |
| | | **04-CV-889F** |
| C. PETTIES and | | **(Consent)** |
| SGT. MARKOWSKI, | | |
| | Defendants. | |

_____

APPEARANCES:   JONATHAN ODOM, *Pro Se*
               92-T-0387
               Clinton Correctional Facility
               Box 2001
               Dannemora, New York   12929

               ANDREW M. CUOMO
               NEW YORK STATE ATTORNEY GENERAL
               Attorney for the Defendants
               KIM S. MURPHY
               Assistant New York Attorney General, of Counsel
               Main Place Tower, Suite 300A
               350 Main Street
               Buffalo, New York   14202

   In this prisoner civil rights action, Plaintiff moves, by papers filed December 3, 2008 for attorney's fees (Doc. No. 120) ("Plaintiff's motion for attorney's fees").  On January 5, 2009, Plaintiff also moves to vacate this court's order, filed September 23, 2008 (Doc. No. 116), dismissing this action based on a settlement placed on the record during the jury trial of the matter (Doc. No. 122) ("Plaintiff's motion to vacate").

   Defendants opposed both of Plaintiff's motions by filing the Declaration of Kim Murphy, Assistant New York Attorney General, on January 13, 2009 (Doc. No. 125) ("Murphy Declaration") together with three exhibits ("Defendants' Exh(s). A, B, and C).

On the same date, Defendants filed a Cross-Motion to Enforce Judgment of Settlement (Doc. No. 124) ("Defendants' Cross-Motion").  Plaintiff filed his affirmation in opposition to Defendants' Cross-Motion (Doc. No. 126) ("Plaintiff's Affirmation") together with Exhibits A and B ("Plaintiff's Exh(s). ___").  Oral argument was deemed unnecessary.

Specifically, Plaintiff contends that the settlement announced on the record, prior to closing statements and instructions to the jury, required payment to Plaintiff of $19,999.98 ($9,999.99 for each Defendant) plus attorney's fees to be determined and a $250 reimbursement of Plaintiff's costs, rather than the $15,000 as tendered to Plaintiff by Defendants pursuant to the terms of the settlement announced, and to which Plaintiff agreed on the record.  The parties also entered into a written settlement agreement. Plaintiff's Motion to Vacate at 1; Defendants' Exh. A at 2; Plaintiff's Exh. A.  According to Plaintiff, the payment of the $15,000 settlement amount subjects a portion of the amount to potential claims under state law, contrary to his expectation at the time of settlement.  Plaintiff's Affirmation ¶ ¶ 5-6.  Plaintiff further asserts that because of his alleged hearing and vision impairments, he was unable to fully understand the legal impact of the terms of the settlement.  Plaintiff's Affirmation ¶ 9.  As a result, Plaintiff refused to execute a voucher, also required under state law, to effectuate transfer of the $15,000 into Plaintiff's prisoner account.  Murphy Declaration ¶ ¶ 15-16; Defendants' Exhs. B - C.

First, Plaintiff, as a successful *pro se* litigant, is not entitled to attorney's fees in this § 1983 action.  *Kay v. Ehrler,* 499 U.S. 432, 435 n. 5 (1991) (citing cases holding that successful *pro se* plaintiff not entitled to award of attorney's fees pursuant to 42 U.S.C. § 1988).  Second, based on the record of the settlement, Defendants' Exh. A,

and the Stipulation of Settlement and Order of Dismissal between the parties, executed October 29, 2008 by Plaintiff (Plaintiff's Exh. B.) ("Settlement Agreement"), there is no reasonable ground to support Plaintiff's contentions that the settlement amount should be for $19,999.98 (or $9,999.99 for each Defendant) to cover Plaintiff's claims raised by the Complaint including Plaintiff's Eighth Amendment claim against Defendants Markowski and Petties that were then being tried before a jury, as well a Plaintiff's costs, and that Plaintiff somehow did not understand what he was agreeing to. Defendant's Exh. A (*passim*).  Rather, the record demonstrates the court emphasized to Plaintiff that the $15,000 settlement amount covered "this matter," and specifically emphasized to Plaintiff the possibility that the settlement was subject to potential future claims under state law.  Defendants' Exh. A at 2-3.

Moreover, the Settlement Agreement between the parties, executed by Plaintiff, specifies that the $15,000 amount covers all of Plaintiff's claims against all Defendants, including attorney's fees and costs.  Settlement Agreement ¶ 2.  Further, the Settlement Agreement specifies the $15,000 payment may be subject to claims available under state law.  The fact Plaintiff refuses to execute a state voucher form, dated November 17, 2008, which is necessary to effect payment to Plaintiff does not support that the settlement has not been satisfactorily consummated within the 120 day period set forth in the court's dismissal order thereby entitling Plaintiff to return the case to the court's calendar.  Plaintiff's baseless refusal to accept the $15,000 payment tendered by Defendants in accordance with the terms of the settlement does not avoid finding that the settlement has in fact been consummated.  In particular, by the terms of the Settlement Agreement, Plaintiff specifically agreed to execute any voucher necessary to

effect payment of the $15,000 into Plaintiff's prisoner account.  Settlement Agreement ¶ 5.  Thus, any failure to receive the $15,000 required by the settlement to be paid to Plaintiff arises from Plaintiff's unexcused refusal to sign a paper required by the state as a prerequisite to payment.  Such refusal is tantamount to Plaintiff's unilateral and unjustified attempt to withdraw from the Settlement Agreement.  Plaintiff's apparent 'buyer's remorse,' and belated attempt to avoid the effect of the settlement, is therefore without merit as a basis to vacate the dismissal of this action.  See Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986) (court has authority to enforce judgment based on settlement during course of trial).

Nor is there any merit in Plaintiff's assertion that because of his alleged hearing and vision impairments he lacked the capacity to understand the terms of the settlement.  Plaintiff had, throughout the trial and during the negotiations leading to the settlement, the assistance of able stand-by counsel, and the court's interaction with Plaintiff on the record confirming Plaintiff's agreement with the settlement, revealed no such impairments at the time the settlement was discussed and placed on the record.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for attorney's fee (Doc. No. 120), Plaintiff's motion to vacate (Doc. No. 122) are DENIED; Defendants' cross-motion (Doc. No. 124) is DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 29, 2008
       Buffalo, New York